UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

TAMMY L. MURRAY                                         Case No. 08-67847
                                                        Chapter 7
          Debtor.                                       Hon. Walter Shapero

_____/

## OPINION REGARDING DEBTOR'S RESCISSION OF LEASE ASSUMPTION AGREEMENT

The matter before the Court is Ford Motor Credit Company L.L.C.'s Motion to Strike Debtor's attempted rescission of a vehicle Lease Assumption Agreement effected under § 365(p) of the Code.

### I. Facts

On November 28, 2007, Tammy Murray ("Debtor") and Ford Motor Credit Company, L.L.C. ("Ford") entered into a vehicle lease agreement for a 2007 Ford Taurus[1] ("Vehicle"). Debtor filed her Chapter 7 petition on November 13, 2008. On the petition date, Debtor was indebted to Ford under the vehicle lease agreement and was in possession of the Vehicle. On December 12, 2008, the Debtor and Debtor's counsel signed a "Lease Assumption Agreement" (Docket No. 11) and a Stipulation for Assumption of the Lease Agreement (Docket No. 12) relating to said lease, both of which were filed with this Court on December 23, 2008.

On January 9, 2009, Debtor filed a "Rescission of the Reaffirmation Agreement Between Debtor, Tammy L. Murray, and Creditor, Ford Motor Credit Company LLC Filed on or about

---

[1] VIN No. 1FAHP25W98G128723

1

December 23, 2008" (Docket No. 15). Ford filed a Motion to Strike Debtor's Rescission of Lease Assumption Agreement on March 4, 2009 (Docket No. 25). Debtor filed an Objection to Ford's Motion to Strike Debtor's Rescission of Lease Assumption Agreement on March 19, 2009 (Docket No. 29). The Court conducted a hearing and took the matter under advisement.

Ford argues that, once a debtor assumes a lease pursuant to 11 U.S.C. § 365(p), the debtor cannot rescind the assumed lease, at least in the way it proposes to do so. Debtor argues that she can rescind the assumed lease. In the alternative, Debtor argues that, even if she cannot rescind the assumed lease, the Lease Assumption Agreement is not enforceable because the procedures required under § 365(p) were not followed.

## II. Discussion

11 U.S.C. § 365(p) provides in relevant part:

(2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

(B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

This provision was added to the Bankruptcy Code by BAPCPA and essentially was intended to permit an individual debtor to assume a lease of personal property where such lease was rejected or not timely assumed by the Chapter 7 Trustee and the leased property thus was no longer property of the estate.. *In re Creighton*, 2007 WL 541622 (Bankr. D.Mass.) Section 365(p)(2) specifies the manner in which this right of assumption may be negotiated and

2

implemented by the debtor. As is clearly stated, upon such assumption, "the liability under the lease will be assumed by the debtor and not by the estate." 11 U.S.C. § 365(p).

Rescission under § 365(p)

Two other Judges of this Court have considered this issue. *See In re Starline Jackson*, Ch.7 Case No. 06-44335 (E.D. Mich. 2006) and *In re Gundy*, Ch. 7 Case No. 07-57777 (E.D. Mich. 2008). Although differing slightly in their reasoning, both Judges concluded that a debtor cannot rescind a lease that has been assumed pursuant to § 365(p). This Court agrees with the result and the law and more particularly with the reasoning articulated in the *In re Starline Jackson* case.

In *In re Starline Jackson*, the debtor argued that the right to rescind a reaffirmation agreement under § 524 was applicable to leases assumed pursuant to § 365(p). In reaching its conclusion in that case, the Court focused, in part, on the differences between assumption agreements under § 365(p) and reaffirmation agreements under § 524(c). *In re Starline Jackson*, Ch. 7 Case. No. 06-44335 (E.D. Mich. 2006) (Docket No. 42, November 17, 2006 Transcript, p. 20). Specifically, the Court noted that a strict reading of § 365(p) "creates a right to assume a lease of personal property post-petition and does not require any of the disclosures in Section 524, nor does it permit rescission under Section 524(c)." *Id.* (Docket No. 42, November 17, 2006 Transcript, p. 23).The Court looked to other sections in the Code to determine whether Congress's failure to include the disclosure requirements and other rights that are built into § 524 was intentional or inadvertent. After analyzing § 362(h), which details the results of a debtor's failure to timely file a statement of intent or failure to perform the stated intention, the Court noted that Congress clearly distinguished between the act of reaffirming a debt pursuant to §

3

524(c) and the act of assuming an unexpired lease pursuant to § 365(p). *Id*. (Docket No. 42, November 17, 2006 Transcript, p. 21-22). Additionally, the Court held that, although Congress clearly could have included enhanced requirements in § 365, and there are many policy reasons behind an argument that it should have done so, it did not. Such reveals Congressional intent not to afford lease assumptions the greater protections that Congress chose to impose on reaffirmation agreements. *Id*. (Docket No. 42, November 17, 2006 Transcript, p. 23). The Court ultimately held that, although it may lead to a harsh result in some circumstances, the law as it is written does not permit a debtor to rescind a lease once it has been assumed pursuant to § 365(p). *Id.* (Docket No. 42, November 17, 2006 Transcript, p. 25).

In the *In re Gundy* case, the Court, as noted, also reached the same conclusion. While agreeing with most of the reasoning in *In re Starline* Jackson, the Court further noted that, since there is no requirement that a lease assumption agreement be filed with the court, it would be impossible for the court to impose the rescission period contained within § 524, as the time period for rescission starts to run only once the agreement is filed with the court. *In re Gundy*, Ch. 7 Case No. 07-57777 (E.D. Mich. 2008) (Docket No. 36, January 16, 2008 Transcript, p. 17). The Court held that § 365(p) "has no provision in it permitting a debtor, or a creditor for that matter, to rescind a debtor's assumption of a lease" and that Congress did not provide the debtor with any such rescission right anywhere in the Bankruptcy Code. *Id.* (Docket No. 36, January 16, 2008 Transcript, p. 19).

The facts and circumstances in this case are essentially the same as those in both *In re Starline Jackson* and *In re Gundy*. In this case, Ford's counsel sent the Lease Assumption Agreement and Stipulation for Assumption of the Lease Agreement to Debtor's counsel. Debtor

4

signed, and Debtor's counsel approved, the Lease Assumption Agreement on December 12, 2008. Both Debtor and Debtor's counsel signed the Stipulation for Assumption of the Lease Agreement on that date. Debtor's counsel then remitted both signed documents to Ford's counsel. The Lease Assumption Agreement was then accepted by Ford and its Attorney. Both documents were filed with this Court on December 23, 2008.

It is clear the lease was, as was intended at the time, assumed by the Debtor pursuant to § 365(p). So, by assuming the lease, Debtor has created a post-petition promise to pay and honor the obligations set forth in that lease. The Lease Assumption Agreement itself provides exactly that, i.e.:

> I agree to assume the Lease Agreement ("Lease"), described below . . . with Ford Motor Credit Company LLC, ("Creditor") pursuant to 11 U.S.C. § 365(p) and agree to make the monthly payments, listed below . . . required by the Lease, which is hereby incorporated by reference. I further agree to be bound by all the terms and conditions of the Lease including but not limited to any and all liability for excess mileage, excess wear and use, and any other amounts required by the Lease.

(Docket No. 11, *Lease Assumption Agreement*). For the reasons articulated in *In re Starline Jackson*, the Debtor may not rescind the Lease Assumption Agreement under applicable bankruptcy law and this Court's conclusion is thus that (1) lease assumption under § 365(p) is essentially an extra-judicial act made available to the individual debtor where the trustee does not timely exercise the right to assume the lease under applicable Code provisions; and (2) the procedures and safeguards, including a right of rescission, provided for under the reaffirmation provisions of the Code are not applicable to such. The result is that an assumption pursuant to § 365(p) is and simply becomes a matter of a contract made directly between the lessor and the

5

debtor - a rescission of such would be governed by the rules relating to rescission under state contract law - a matter not here presented to this Court for decision.

### Procedure under § 365(p)

Debtor also argues that even if she cannot rescind the assumed lease, the Lease Assumption Agreement is invalid or unenforceable because, under § 365(p), there is a requirement that the <u>debtor</u> be the party that <u>initiates</u> communications with the creditor regarding the process of assuming an unexpired lease; and, in this case, <u>Ford</u> was the party that <u>initiated</u> the process by sending the Lease Assumption Agreement form and proposed stipulation to Debtor's counsel.

The Court disagrees with this argument for two reasons.

First, the language of § 365(p) does not state or imply the manner or sequence of the notification; rather, it suggests the necessity of a "writing." The only fair inference to be drawn is that the act of assumption must be evidenced by a clear indication of the debtor's intent to enter into the assumption. In this case, we had a debtor who was represented by counsel in connection with the transaction. We also had a lease assumption agreement signed by both the debtor and her counsel and a contemporaneous stipulation also signed by debtor and Debtor's counsel, both of which were filed with the Court. That should and does satisfy the notification requirement under § 365(p).

Second, even if § 365(p) were to be construed as requiring the debtor to initiate communications with the creditor, the Debtor has waived or is estopped from asserting that requirement in this case. "Waiver is the intentional relinquishment or abandonment of a known

6

right." *People v. Carter*, 462 Mich. 206, 215 (2006). As noted, both Debtor and her counsel signed the Lease Assumption Agreement and a separate Stipulation and returned those documents to Ford. Presumably, Debtor's counsel discussed with her both the advantages and disadvantages of entering into the Lease Assumption Agreement and counseled her accordingly. One must conclude therefore that the Debtor, initially at least, made an informed decision and that, under these facts, the Debtor either has waived, or is estopped from asserting, the procedural position she now takes.

### III. Conclusion

For the foregoing reasons, the Court finds that Debtor cannot rescind the Lease Assumption Agreement. Accordingly, Ford's Motion to Strike Debtor's Rescission of Lease Assumption Agreement is granted. Ford should present an effectuating order.

**Signed on July 07, 2009**

                              **/s/ Walter Shapero**
                           **Walter Shapero**
                           **United States Bankruptcy Judge**